# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MIDWEST INTEGRATED CARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N25C-12-630 SKR CCLD |
| | ) | |
| HEALTH MANAGEMENT ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 21, 2026
Decided: August 10, 2026

## MEMORANDUM OPINION AND ORDER

*Upon Consideration of Defendant's*
*Motion to Dismiss or Stay Based on Forum Non Conveniens*:
**DENIED.**

Sidney S. Liebesman, Esq., Carmella L. Cinaglia, Esq., FOX ROTHSCHILD, LLP, Wilmington, Delaware, *Attorneys for Plaintiff*.

James E. Huggett, Esq., Asher Lovitz, Esq., MARGOLIS EDELSTEIN, Wilmington, Delaware, Wilmington, Delaware, *Attorney for Defendant*.

**RENNIE, J.**

# I.   INTRODUCTION

This breach of contract action arises from a soured business relationship between Plaintiff Midwest Integrated Care LLC ("Midwest") and Defendant Health Management Associates, Inc. ("HMA"). Midwest, a healthcare startup, engaged HMA to navigate and administrate requirements of the medical field. This relationship deteriorated when Midwest alleged that HMA failed to perform its contractual obligations and HMA countered that Midwest failed to pay its outstanding bills. Midwest initiated this action, seeking a declaratory judgment that it is not in breach of the parties' Master Services Agreement (the "MSA"). Concurrently, HMA filed a breach of contract action against Midwest in Michigan.

HMA answered the Delaware complaint, and the parties proceeded with discovery. Approximately one month after answering, HMA filed the pending motion to dismiss this action on the ground of *forum non conveniens*, arguing that the dispute should be litigated exclusively in Michigan. Although HMA's procedural posture raises questions regarding the timeliness of the motion, an analysis of the *Cryo-Maid* factors demonstrates that the motion fails on the merits. Accordingly, HMA's motion to dismiss is **DENIED**.

## II.  BACKGROUND[1]

### A.  The Parties

Plaintiff Midwest is an Ohio limited liability company with its principal place of business in Ohio.[2]

Defendant HMA is a Michigan corporation with its principal place of business in Michigan.[3]

### B.  Factual Background

Midwest was founded in February 2025 to deliver integrated outpatient behavior health services for mental health and substance use disorders alongside primary care medical services at a unified location.[4] Unfamiliar with electronic recordkeeping and the intricacies of Medicaid billing and coding, Midwest sought external administrative and regulatory assistance.[5] Midwest hired HMA to provide these services, and the parties' agreement was memorialized in the MSA.[6]

At issue here is the MSA's choice of law and forum selection provision, which provides in its entirety:

> This agreement will be construed, governed, and enforced in accordance with the laws of the State of Michigan or Delaware without

---

[1] The facts are drawn from the allegations in the complaint and the documents incorporated therein. *See* D.I. No. 1 ("Compl."). These allegations are presumed to be true solely for the purposes of this motion. The Court also references HMA's Answer (D.I. No. 6) and the parties' briefing on this motion. *See* D.I. No. 9 ("Mot."); D.I. No. 14 ("Opp'n").
[2] Compl. at ¶ 7.
[3] *Id.* at ¶ 8.
[4] *Id.* at ¶ 1.
[5] *Id.* at ¶ 2.
[6] *Id.* at ¶¶ 2–5.

giving effect to any choice or conflict of law provision or rule. The parties agree that, for jurisdiction and venue, all litigation arising under or in connection with this Agreement will be conducted in courts in Michigan or Delaware.[7]

By June 2025, Midwest grew dissatisfied with HMA's performance.[8] While HMA expressed a willingness to address Midwest's operational grievances, it sought payment for its prior services.[9]

### C.    Procedural History

On December 10, 2025, HMA sent a formal letter to Midwest demanding payment on its unpaid invoices.[10] On December 23, 2025, HMA mailed a breach of contract complaint to a Michigan state court, which that Court formally accepted on December 26, 2025.[11] HMA's complaint asserts a single count for breach of contract.[12]

On December 24, 2025, Midwest initiated the instant action, seeking a declaratory judgment that HMA committed a material breach of the MSA, thereby excusing Midwest from any outstanding payment obligations.[13] Because this Court utilizes an electronic filing system—unlike the Michigan court—Midwest's filing

---

[7] Compl., Ex. A at § 24.
[8] Compl. at ¶¶ 14–19.
[9] *See id.* at ¶¶ 20-22.
[10] *Id.* at ¶ 24; Mot., Ex. C at Ex. 4.
[11] Mot. 1–2; Mot., Ex. B.
[12] Mot., Ex. C at ¶¶ 17–23.
[13] Compl. at Prayer for Relief.

4

became effective immediately on December 24, 2025.[14] As pleaded, this action effectively serves as a mirror image of the Michigan action.[15]

HMA now moves to dismiss this action under the doctrine of *forum non conveniens*.[16] Midwest opposes the motion.[17] The Court heard oral argument on May 21, 2026.[18]

### III.   STANDARD OF REVIEW

A motion to dismiss or stay an action on the basis of *forum non conveniens* is considered under Delaware Superior Court Civil Rule 12(b)(3).[19] In ruling on such a motion, the Court exercises its sound discretion employing an orderly and logical deductive process to evaluate the record.[20] Delaware courts are historically chary of granting *forum non conveniens* motions.[21] To evaluate whether dismissal or a stay is warranted under *forum non conveniens*, the Court applies the well-established *Cryo-Maid* factors:

> (1) the relative ease of access to proof; (2) the availability of a compulsory process for witnesses; (3) the possibility to view the premises, if appropriate; (4) all other practical problems that would make the trial easy, expeditious, and inexpensive; (5) whether the

---

[14] *See* Compl.

[15] *Compare* Compl. *with* Mot., Ex. C., Complaint.

[16] Mot.

[17] Opp'n.

[18] *See* D.I. No. 21.

[19] *Arrowood Indem. Co. v. AmerisourceBergen Corp.*, 2023 WL 2726924, at *8 (Del. Super. Mar. 30, 2023).

[20] *Cresa Glob. Inc. v. Chirisa Cap. Mgmt. (US) LLC*, 2025 WL 53168, at *2 (Del. Super. Jan. 9, 2025) (citing *CVS Opioid Ins. Litig.*, 2022 WL 3330427, at *3 (Del. Super. Aug. 12, 2022)).

[21] *See Rosen v. Wind River Sys., Inc.*, 2009 WL 1856460, at *3 (Del. Ch. Jun. 26, 2009).

controversy is dependent upon Delaware law, which the courts of this State should decide rather than those of another jurisdiction; and (6) the pendency or non-pendency of a similar action in another jurisdiction.[22]

The applicable burden depends heavily on the timing of the competing filings.[23] Generally, where the Delaware action is the first-filed case a powerful presumption arises in favor of the plaintiff's choice of forum.[24] To overcome this presumption, the moving defendant must demonstrate that litigating in Delaware will cause an "overwhelming hardship."[25] Conversely, where the competing actions are deemed to have been filed contemporaneously, the Court evaluates the *Cryo-Maid* factors under a regular balancing test without favoring either action or requiring a showing of overwhelming hardship.[26]

## IV.    DISCUSSION

### A.    Timeliness and Procedural Propriety of the Motion

HMA filed its answer on January 27, 2026, without raising any objection to Delaware as a forum.[27] On February 19, 2026, HMA filed the pending motion to dismiss on the grounds of *forum non conveniens*.[28] Because HMA failed to raise this

---

[22] *GXP Cap., LLC v. Argonaut Mfg. Servs., Inc.*, 253 A.3d 93, 101 (Del. 2021) (quoting *Aranda v. Philip Morris USA Inc.*, 183 A.3d 1245, 1251 (Del. 2018)).

[23] *Id.*

[24] *Cresa*, 2025 WL 53168, at *2.

[25] *Id.*

[26] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crosstex Energy Servs., L.P.*, 2013 WL 6598736, at *4 (Del. Super. Dec. 13, 2013).

[27] *See* D.I. No. 6.

[28] Mot.

issue in its initial responsive pleading, Midwest contends that the defense is waived pursuant to Superior Court Civil Rule 12(h)(1).[29]

Under Delaware law, *forum non conveniens* is a doctrine employed in the discretion of the trial court judge.[30] While Midwest correctly notes that a party waives the defense of improper venue if it is omitted from a Rule 12 motion or a responsive pleading, *forum non conveniens* is conceptually distinct from improper venue.[31] Improper venue is a statutory defense; *forum non conveniens*, by contrast, is an equitable common law doctrine rooted in the Court's inherent power to decline jurisdiction.[32] Reflecting this distinction, federal courts generally do not treat *forum non conveniens* as waived merely because it was omitted from the initial responsive pleading.[33]

Because litigants typically raise *forum non conveniens* early in the proceedings, Delaware courts have had limited occasion address this specific waiver

---

[29] Opp'n at 15–17. *See also* Del. Super. Ct. Civ. R. 12(h)(1) ("A defense of . . . improper venue . . . is waived (A) if omitted from a motion in the circumstances described in subsection (g), or (B) if it is neither made by motion under this Rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.").

[30] *Aveta, Inc. v. Colon*, 942 A.2d 603, 608 (Del. Ch. 2008).

[31] *See id.*; *In re Asbestos Litig.*, 929 A.2d 373, 380 (Del. Super. 2006).

[32] *See Friedman v. Alcatel Alsthom*, 752 A.2d 544, 551 (Del. Ch. 1999).

[33] *See, e.g., Yavuz v. 61 MM Ltd.*, 576 F.3d 1166, 1173–74 (10th Cir. 2009). Similarly, caselaw in New York, New Jersey, and Pennsylvania illustrates that each of those states allow post-answer *forum non conveniens* motions. *F G II, Inc. v. Saks Inc.*, 847 N.Y.S.2d 185, 186 (App. Div. 2007); *Kurzke v. Nissan Motor Corp. in U.S.A..*, 752 A.2d 708 (N.J. 2000); *Beatrice Foods Co. v. Proctor & Schwartz, Inc.*, 455 A.2d 646, 650 (Pa. Super. 1982). Likewise, Michigan law treats this procedural posture as weighing heavily against granting a *forum non conveniens* motion but does not consider it a waiver or procedural bar. *Dayton Mall Motor Inn v. Honeywell, Inc.*, 347 N.W.2d 15, 17–18 (Mich. App. 1984).

issue. The only case the Court has identified as directly on point[34] is *Sloan v. Segal*.[35] There, the Court of Chancery found that a defendant had waived the defense where a *pro se* litigant filed an answer, participated in the case for nearly a year, retained counsel,[36] and then filed a motion that conflated improper venue with *forum non conveniens*.[37] Even so, the court in that matter proceeded to evaluate the *forum non conveniens* motion on its merits, ultimately denying it.[38]

While the intersection of Rule 12 (h)(i) and post-answer *forum non conveniens* motions present a nuanced procedural question, the Court need not definitively resolve the waiver issue. As discussed below, even assuming the motion is procedurally proper and not waived, HMA's motion fails on the merits under the *Cryo-Maid* factors.

### B.    Cryo-Maid Factors

#### 1.    *The Relative Ease of Access to Proof*

Neither party to this action is a Delaware entity; Midwest is a citizen of Ohio[39] and HMA is a citizen of Michigan.[40] Further, none of the underlying events at issue

---

[34] This Court has previously allowed a defendant to amend its answer to add a *forum non conveniens* defense and has found that situation did not constitute waiver. *Dietrich v. Tex. Nat'l Petroleum Co.*, 193 A.2d 579, 593 (Del. Super. 1963). The Court instead held that delay would be considered in a determination of whether or not *forum non conveniens* should be applied. *Id.*

[35] 2008 WL 81513 (Del. Ch. Jan. 3, 2008).

[36] *Id.* at *2, 5–6.

[37] *Sloan v. Segal*, C.A. No. 2319-VCS, D.I. No. 43 at 4.

[38] *Sloan*, 2008 WL 81513 at *10.

[39] Compl. at ¶ 7.

[40] *Id.* at ¶ 8.

occurred in Delaware, and neither party contends that proof is more readily accessible in Delaware.[41] However, because this is a commercial contract dispute that will turn primarily on documentary evidence, this factor is accorded little weight.[42]

### 2. The Availability of Compulsory Process

To prevail on this factor, the moving party must demonstrate that an alternative jurisdiction offers a substantial advancement in the availability of compulsory process for necessary witnesses.[43]

Under Delaware law, however, the employees, officers, directors, or managing agents of an adverse corporate party are presumptively within that party's control.[44] Consequently, such witnesses are deemed available for trial without the necessity of a subpoena because they are expected to appear at their employers' direction.[45] Because the only witnesses HMA has identified are its own Michigan-based employees,[46] compulsory process is not a limiting factor. This factor therefore weighs in favor of retaining jurisdiction.

---

[41] *See* Mot. at 3; Opp'n at 8–9.

[42] *See Hamilton P'rs, L.P. v. Englard*, 11 A.3d 1180, 1213–14 (Del. Ch. 2010) ("Generally speaking, absent extraordinary circumstances, this *Cryo-Maid* factor has become largely insignificant for corporate and commercial disputes.").

[43] *Harris v. Harris*, 2023 WL 355179, at *12 (Del. Ch. Jan. 23, 2023).

[44] *Hamilton P'rs* 11 A.3d at 1214–16; *Vichi v. Koninklijke Philips Electronics N.V.*, 2009 WL 4345724, at *13 (Del. Ch. Dec. 1, 2009).

[45] *Vichi*, 2009 WL 4345724, at *13 (also contemplating the use of depositions as a means to collect testimony of employee-fact witnesses).

[46] Mot. at 4.

### 3. *The View of The Premises*

The parties agree that a view of the premises is unnecessary.[47] Accordingly, this factor does not apply to the present dispute.

### 4. *All Other Practical Problems*

The Court notes two practical considerations relevant to this factor. The first is the financial burden of litigating in Delaware. Despite the designation of this case to the Complex Commercial Litigation Division, the amount in controversy is only $34,142.30.[48] Given the modest sum at stake, the Court is mindful of the need to control travel costs, which would likely be higher in Delaware than Michigan given the geographic location of witnesses.

The second consideration is the advanced procedural posture of this action. Discovery is already underway in Delaware.[49] While the parties could likely repurpose this discovery in an alternative forum, HMA's active participation in this jurisdiction and the inefficiencies associated with porting discovery to another court weigh against dismissal.

### 5. *Dependence on Delaware Law*

This matter is a straightforward contract dispute concerning the interpretation of the MSA. Under the terms of the agreement, the MSA is to be "construed,

---

[47] *Id.* at 4; Opp'n at 11.
[48] Mot. at 7.
[49] *See* D.I. Nos. 7, 12–13, and 17–20.

governed, and enforced in accordance with the laws of the State of Michigan or Delaware."[50] Without resolving the choice of law issue at this stage, the Court observes that this plain language implicates Delaware's sovereign interest just as heavily as Michigan's. This factor is therefore neutral.

### 6. Pendency of Similar Actions

The purpose of *forum non conveniens* is to ensure that a dispute is litigated in an appropriate forum, not to reward the winner of a race to the courthouse.[51] Here, HMA mailed its complaint to the Michigan Court on December 23, 2025.[52] While the Michigan complaint was in transit, Midwest initiated this action on December 24, 2025.[53] The Michigan court subsequently accepted HMA's complaint on December 26, 2025.[54] Accounting for the intervening holiday and the lack of an electronic filing system in the Michigan court, the Court deems these competing actions to have been filed contemporaneously.

While the Court will not entirely disregard Midwest's technical priority in filing, this factor serves primarily as a tipping point "where the issue of convenience is in equipoise[.]"[55]

---

[50] Compl., Ex. A at § 24.
[51] *Royal Indem. Co. v. Gen. Motors Corp.*, 2005 WL 1952933, at *2 n.18 (Del. Super. Jul. 26, 2005).
[52] Mot. at 1–2.
[53] *See* Compl.
[54] Mot. at 1–2.
[55] *In re IBP, Inc.*, 2001 WL 406292, at *8 n.19 (Del. Ch. Apr. 18, 2001).

Because the overall balance of convenience does not shift heavily away from this jurisdiction, this factor weighs slightly in favor of maintaining the action in Delaware.

## V. CONCLUSION

On balance, a review of the *Cryo-Maid* factors demonstrates that this dispute is properly adjudicated in Delaware. HMA has failed to establish that litigating in Delaware poses an inconvenience sufficient to warrant dismissal or a stay. Accordingly, HMA's Motion to Dismiss on the grounds of *forum non conveniens* is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge